IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

- - - - - - - - - -o O o- - - - - - - - - -

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 05-52803 |
| | : | |
| COMMERCIAL MAINTENANCE & REPAIRS, INC., | : | CHAPTER 7 |
| | : | |
| | : | JUDGE SHEA-STONUM |
| Debtor | : | |
| | : | |
| | : | ADVERSARY |
| HAROLD A. CORZIN, TRUSTEE | : | PROCEEDING NO. 06-05009 |
| | : | |
| Plaintiff | : | **PLAINTIFF'S MOTION TO** |
| vs. | : | **COMPEL DISCOVERY** |
| | : | **FROM DEFENDANT,** |
| STEVE HARVEY, *et al.* | : | **MIKE ABEL** |
| | : | |
| Defendants. | : | |

- - - - - - - - - -o O o- - - - - - - - - -

NOW COMES Plaintiff, Harold A. Corzin ("Plaintiff"), the duly appointed Chapter 7 Trustee in the above-referenced case, by and through the undersigned counsel, and hereby moves this Court for an order compelling Defendant, Mike Abel ("Abel"), to fully respond to the discovery requests served on him on or about May 10, 2006. The underlying rationale and justification for this Motion is set forth in the accompanying Memorandum in Support.

Respectfully submitted,

BLACK, McCUSKEY, SOUERS & ARBAUGH

By: /s/ Gordon D. Woolbert, II
Joel K. Dayton (#0015804)
Gordon D. Woolbert, II (#0068581)
Chrysanthe E. Vassiles (#0066402)
1000 Unizan Plaza
220 Market Avenue South
Canton, OH 44702
jdayton@bmsa.com; gwoolbert@bmsa.com;
cvassiles@bmsa.com
Phone No. (330) 456-8341
Fax No. (330) 456-5756
Attorneys for Harold A. Corzin,
Chapter 7 Trustee, *In re Commercial Maintenance & Repairs, Inc.*

## MEMORANDUM IN SUPPORT

**I. Introduction**

On January 20, 2006, Plaintiff filed an adversary proceeding against Abel and others. Plaintiff's complaint seeks relief under eleven separate causes of action: fraudulent transfer pursuant to 11 U.S.C. § 548, fraudulent transfer pursuant to O.R.C. §§ 1336.04 and 1336.05, usurpation of corporate opportunity, breach of fiduciary duty, conversion, unjust enrichment, aiding and abetting, civil conspiracy, alter ego, successor liability and substantive consolidation. The allegations arise from the transfer of assets from Commercial Maintenance & Repairs, Inc. (the "Debtor") to other entities.

**II. Argument**

    **A. Federal Rule of Civil Procedure 37**

Federal Rule of Civil Procedure 37, incorporated through Federal Rule of Bankruptcy Procedure 7037, provides that, upon reasonable notice to other parties and all persons affected thereby, a party may apply for an order compelling discovery and sanctions, including attorney's

2

06-05009-mss    Doc 65    FILED 08/28/06    ENTERED 08/28/06 11:13:16    Page 2 of 8

fees, if a party fails to answer an interrogatory submitted under Rule 33 or fails to respond to a request for production of documents submitted under Rule 34. Fed. R. Civ. P. 37(a)(2) and (4). An evasive or incomplete answer or response is treated as a failure to answer or respond under the Rule. Fed. R. Civ. P. 37(a)(3).

### B. Abel's Answers to Discovery Requests

On May 10, 2006, Plaintiff served his first set of interrogatories and request for production of documents on Abel. On June 21, 2006, Abel served his general objections and answers, a copy of which are attached hereto as **Exhibit "A"** and incorporated herein by reference. Abel objects to almost all of the interrogatory questions by stating either "[o]bjection on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks information not related to any claim or any defense in this action, and seeks confidential information" or "[o]bjection on the grounds that this interrogatory seeks information protected by the attorney/client privilege and is not reasonably calculated to lead to the discovery of admissible evidence as it seeks information not related to any claim or any defense in this action." Without waiving the objections, Abel goes on to answer many of the questions, however, his answers are incomplete, unresponsive, and completely deficient. Some of the deficiencies include:

> 1. His answer to Interrogatory No. 1 fails to list the name, residential address, telephone number, and employer of the respondent, Abel.
>
> 2. His answer to Interrogatory No. 2 fails to list the federal identification number of M&K Abel Family Ltd. Partnership (the "Partnership"), the titles and positions that Abel has held with the Partnership, the highest percentage equity or partnership interest Abel has held in the Partnership, and all persons who have possession of the Partnership's documents.
>
> 3. His answer to Interrogatory No. 3 again fails to state the federal identification number of the Partnership, the nature of Abel's involvement in

3

the Partnership, the partners of the Partnership, and any and all persons who are in possession of the Partnership's documents.

4.   His answer to Interrogatory No. 5 fails to state the exact dates on which Abel performed services for the Debtor and instead lists only the year in which services were performed.

5.   His answer to Interrogatory No. 8 fails to state Abel's social security number.

6.   His answer to Interrogatory No. 10 is unresponsive as to the lack of corporate authority to file the Debtor's bankruptcy case.

Likewise, Abel alternatively lists objections to the request for production of documents of "[o]bjection on the grounds that this request seeks documents protected by the attorney/client privilege, is not reasonably calculated to lead to the discovery of admissible evidence, at least in part, as it requests documents not related to any claim or defense asserted in this action, and seeks confidential information," or "[o]bjection on the grounds that this request seeks documents not reasonably calculated to lead to the discovery of admissible evidence, as it requests documents not related to any claim or defense asserted in this action, and seeks confidential information." The responses to the request for production of documents are particularly deficient given the fact that no documents were produced with the responses.

Abel's responses to Interrogatory No. 7 and Request for Production of Document No. 6 are particularly egregious. The interrogatory requests information from Abel related to financial institutions with which Abel or the Partnership have maintained any type of account, the type of account, and any identifying numbers associated with that account. The corresponding request for production of documents requests documents relating or referring to those accounts referred to in the response to the interrogatory. Abel objected to both of these questions on the grounds that the questions are not reasonably calculated to lead to the discovery of admissible evidence, they seek information not related to any claim or any defense in the action, and the information is

4

confidential. Previously, on May 30, 2006, Abel filed a Motion to Quash Subpoena Duces Tecum and For Protective Order for the same type of documents requested in Interrogatory No. 7 and Request for Production of Document No. 6.. Abel's Motion was brought on the identical grounds, set forth in response to Interrogatory No. 7 and Request for Production of Document No. 6, namely that the information was allegedly confidential, not relevant to the subject matter within the adversary proceeding, and not reasonably calculated to lead to the discovery of admissible evidence. The Court denied this motion at the pre-trial on June 6, 2006, **prior** to Abel responding to the discovery requests at issue in this Motion. Accordingly, Abel's responses to these two discovery requests fly in the face of the Court's previous order denying Abel's Motion to Quash Subpoena Duces Tecum and For Protective Order.

C.  **Certification**

A motion to compel brought pursuant to Rule 37 must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make the discovery in an effort to secure the information or material without court action. Fed. R. Civ. P. 37(a)(1)(B).

Gordon D. Woolbert, II, one of the undersigned counsel for Plaintiff, has had several communications with counsel for Abel as to supplementation of Abel's answers, including, but not limited to, five of the most recent communications via email correspondence, attached hereto as **Exhibits "B," "C,"** and **"D,"** and incorporated herein by reference.

In an effort to resolve Abel's objections to the interrogatory requests and encourage supplementation of the deficient responses, Plaintiff's counsel sent an email to Abel's counsel, attached hereto as **Exhibit "B,"** wherein he specifically set forth, interrogatory by interrogatory, the relevance of the requested information and the need for supplementation. Further, in

5

response to Abel's objection that he could not produce the documents requested because they are in the possession of the Federal Bureau of Investigation ("F.B.I."), Plaintiff's counsel requested more specific information to obtain the documents from the F.B.I. directly. Although one of Abel's attorneys replied that he would have to confer with co-counsel before responding, he failed to respond.

The second attached email, **Exhibit "C,"** sent on August 11, 2006, again references Abel's failure to supplement the discovery requests and failure to produce non-privileged documents, which Abel had said he would produce at a mutually agreed upon time and place between the parties. Abel's counsel said he would respond the following week. Again, he failed to do so.

Once again, in response to this failure, Plaintiff's counsel emailed Abel's counsel to attempt to narrow, if not resolve, the discovery dispute, threatening to file a motion to compel if any supplementation or responsive documents were not received by August 23, 2006. *See* **Exhibit "D."** In reply, Abel's counsel asked that Plaintiff's counsel refrain from filing a motion to compel until August 25, 2006, asserting that Abel would respond to Plaintiff's requests by that date. Id. In one last effort to seek Abel's compliance with the discovery requests and a resolution of this matter without court intervention, Plaintiff's counsel responded and agreed. Id. Abel never supplemented his discovery responses nor produced any documents.

### III.   Relief

Wherefore, Plaintiff requests an order compelling Abel to fully respond to the first set of interrogatories and request for production of documents served upon Abel on May 10, 2006, sanctions related to the filing this Motion, including attorney fees, and any other relief the Court deems equitable and just.

6

Respectfully submitted,

BLACK, McCUSKEY, SOUERS & ARBAUGH

By: /s/ Gordon D. Woolbert, II
    Joel K. Dayton (#0015804)
    Gordon D. Woolbert, II (#0068581)
    Chrysanthe E. Vassiles (#0066402)
    1000 Unizan Plaza
    220 Market Avenue South
    Canton, OH 44702
    jdayton@bmsa.com; gwoolbert@bmsa.com;
    cvassiles@bmsa.com
    Phone No. (330) 456-8341
    Fax No. (330) 456-5756
    Attorneys for Harold A. Corzin,
    Chapter 7 Trustee, *In re Commercial*
    *Maintenance & Repairs, Inc.*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Plaintiff's Motion to Compel Discovery from Defendant, Mike Abel, has been filed electronically with the U.S. Bankruptcy Court, Northern District of Ohio this  25th   day of August, 2006.  Notice of this filing will be sent via electronic mail by operation of the Court's electronic filing system to:

Donald W. Davis, Jr., Esq.
Robert R. Kracht, Esq.
Morris H. Laatsch, Esq.
Howard E. Mentzer, Esq.
Michael A. Steel, Esq.
Bruce R. Schrader, II, Esq.

/s/ Gordon D. Woolbert, II
Gordon D. Woolbert, II

G:\cvassiles\Bankruptcy\Corzin\Corzin v. CMR - Motion to Compel.doc\6/26/06\cvassiles