IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-52803 |
| | ) | |
| COMMERCIAL MAINTENANCE | ) | CHAPTER 7 |
| & REPAIRS, INC. | ) | |
| | ) | JUDGE SHEA-STONUM |
| Debtor | ) | |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| HAROLD A. CORZIN, TRUSTEE | ) | ADVERSARY |
| | ) | PROCEEDING NO. 06-5009 |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANT, MIKE ABEL'S, |
| STEVE HARVEY, *et al.* | ) | GENERAL OBJECTIONS |
| | ) | |
| Defendants | ) | |

Defendant, Mike Abel, Esq., objects to Plaintiff's "Definitions and Instructions" because they purport to require compliance beyond that required by Rules 7033 and 7034 of the Federal Rules of the Bankruptcy Procedure. These objections are incorporated by reference into the specific objections and answers to the interrogatories that follow.

Respectfully submitted,

David A. Schaefer  (0014297)
*das@mccarthylebit.com*
Robert R. Kracht  (0026674)
*rrk@mccarthylebit.com*
101 West Prospect Ave., Suite 1800
Cleveland, Ohio  44115
(216) 696-1422
(216) 696-1210 (fax)

Attorneys for Defendant, Michael Abel, Esq.

1

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed this ___21___ day of June, 2006 to:

Gordon D. Woolbert, II, Esq.
Black, McCuskey, Souers & Arbaugh
220 Market Avenue, S
Suite 1000
Canton, OH 44702
*Attorney for Plaintiff, Harold A. Corzin, Trustee*

Donald W. Davis, Jr., Esq.
Guy, Lambert & Towne
2210 First National Tower
Akron, OH 44308
*Attorney for Defendant, Steve Harvey, Victoria Fair,*
*Alissa Havey, Milling Away, LLC and*
*Fair Leasing, LLC*

Morris H. Laatsch, Esq.
Baker, Hardesty & Kaffen
520 S. Main Street
Suite 500
Akron, OH 44311
*Attorney for Defendant, Kryste Lillquist*

Bruce R. Schrader, II, Esq.
Roetzel & Andress
222 S. Main Street
Suite 400
Akron, OH 44308
*Attorney for Canton Trustee Ann Silagy*

Robert Thomas, Esq.
c/o STESA Properties, Inc.
429 Mull Avenue
Akron, OH 44313

_____
David A. Schaefer  (0014297)
Robert R. Kracht  (0026674)

MCCARTHY LEBIT CRYSTAL & LIFFMAN CO., LPA
*Counsel for Defendant, Mike Abel, Esq.*

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | MAIN CASE NO: 05-52803 |
| COMMERCIAL MAINTENANCE & | : | ADVERSARY CASE NO: 06-5009 |
| REPAIRS, INC. | : | |
| | : | JUDGE: MARILYN SHEA-STONUM |
| Debtor, | : | |
| | : | ANSWERS TO PLAINTIFF'S FIRST SET |
| HAROLD A. CORZIN, TRUSTEE | : | OF INTERROGATORIES AND |
| | : | REQUESTS FOR PRODUCTION OF |
| Plaintiff, | : | DOCUMENTS TO MIKE ABEL |
| v. | : | |
| | : | |
| STEVE HARVEY, ET AL. | : | |
| | : | |
| Defendants. | : | |

Pursuant to Rules 7033 and 7034 of the Federal Rules of Bankruptcy Procedure, the following interrogatories and requests for production of documents are propounded by Plaintiff to Mike Abel. The interrogatories are to be answered in writing and under oath, by serving the answers within 30 days of service of this discovery. The requests for documents are to be responded to by serving responses and copies of the requested documents within 30 days of service of this discovery, or by producing the requested documents, along with Abel's responses, for inspection and copying at the Canton offices of Black McCuskey, LPA at 8:30 a.m. on June 9, 2006. This discovery request shall be deemed continuing so as to require supplemental responses if Abel or his attorneys obtain further information between the time responses are served and the time of the trial of this matter.

## DEFINITIONS AND INSTRUCTIONS

1. "Plaintiff" or "Corzin" or the "Trustee" refers to Harold A. Corzin, Chapter 7 Trustee of Commercial Maintenance & Repairs, Inc., including any of his representatives, agents, or attorneys.

2. "You" and "Defendant" and "Abel" refers to Mike Abel, as well as any of Mike Abel's employees, representatives, agents, or attorneys.

3. "Defendant Businesses" collectively refer to Super Herro Too, Ltd., Ohio Maintenance & Renovation, Inc., Retail Maintenance Service, LLC, Milling Away, LLC, Commercial Retail Construction, LLC, Fair Leasing, LLC, Ohiowide Leasing, LLC, One Source Leasing, LLC, and STESA Properties, Inc., as well as any of their present or former officers, directors, managers, members, partners, shareholders, employees, representatives, agents, or attorneys.

3

4. "Document" means any medium upon which intelligence or information is recorded or from which intelligence or information can be recorded, retrieved, or perceived, including, but not limited to, punch cards, magnetic tape or wire, computers, computer programs, print-out sheets, tapes, computer disks or disk packs, movie film, slides, phonograph records, photographs, pictures, microfilm, microfiche, notes, letters, memoranda, ledgers, worksheets, records, books of account, accounting records, brochures, circulars, advertising mats, advertisements, proofs, sheets, books, magazines, reprints, summaries, reports, studies, projections, notebooks, diaries, calendars, appointment books, registers, graphs, charts, sketches, drawings, plans, blueprints, tables, calculations, specifications, analyses, papers, writings, agreements, contracts, purchase orders, acknowledgments, receipts, shipping papers, checks, invoices, authorizations, budgets, schedules, transcripts, correspondence, drafts, telegrams, cables, telexes, emails, minutes of meetings, drafts of any of the foregoing, and any other materials or physical matter, and each copy of any of the foregoing which is non-identical because of marginal notations or otherwise.

5. "Person" means and includes, without limiting the generality of its meaning, every natural person, corporate entity, limited liability company, trust, partnership, limited partnership, family limited partnership, business entity, association, governmental body, or agency.

6. In responding to this discovery request, you are required to furnish all documents that are available to you or your legal representatives, by whatever means, and not merely such documents that are under your immediate control.

7. If, after reasonable and thorough searches and requests, you are unable to respond to any request or part thereof because of an inability to obtain a responsive document, you shall identify the document in accordance with these instructions, the reason the document is not available to you, and what has been done by you to obtain such document. In addition, you shall identify the person or entity who has or is likely to have the document which you claim is not available.

8. If, in responding to this discovery request, you discover that a responsive document was destroyed or disposed of in some other manner, you shall identify the document in accordance with these instructions, state what disposition was made of the document, and state when that disposition took place.

9. If, in responding to this discovery request, you claim privilege for any reason in response to any particular request or interrogatory, you shall identify the allegedly privileged document or communication in accordance with these instructions and the nature of the privilege relied upon.

10. Whenever in this discovery request you must identify a document, state:
    a. the date;
    b. the author and signatories;
    c. the recipients and addressees;
    d. the type of document (e.g., letter, memorandum, etc.);
    e. the substance of the document;
    f. the identity and addresses of all other persons who received copies;
    g. the custodian; and
    h. the location.

11. Whenever in this discovery request there is a request to identify a communication, state:
   a. the date and place of such communication;
   b. the identity of each person who was present at or who participated in such communication;
   c. the type of communication (e.g., letter, telegram, conference, telephone conversation, etc.);
   d. the substance of such communication; and
   e. the identity of each document reflecting, referring to, comprising, constituting, or summarizing such communication.

12. Whenever in this discovery request there is a request to identify a person who is a business entity or a firm (e.g., a corporation, limited liability company, competitor, partnership, manufacturer, producer, seller, etc.), state the full name of such business entity or firm and the address and telephone number of its principal place of business.

13. Whenever in this discovery request there is a request to identify a person who is a natural person, set forth that person's name, residential address, and residential telephone number, and the name, address, and telephone number of that person's present or last known employer.

## INTERROGATORIES

1. Identify, according to the instructions above, all persons answering or assisting in the answering of these interrogatories.

ANSWER:

Mike A. Abel, with assistance of counsel.

2. (a) Identify all businesses in which you have had an equity or partnership interest since 2001, and for each such business, (b) list the federal identification number, (c) state all titles and positions which you have held with that business, (d) list the highest percentage equity or partnership interest you have held in that business, and (e) identity all persons in possession of the business's documents.

ANSWER:

Objection on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks information not related to any claim or any defense in this action, and seeks confidential information. Without waiving these objections, I have no interest in any of the entities listed on Exhibit A attached hereto other than the M&K Abel Family Ltd. Partnership.

5

3. (a) Identify all trusts or family limited partnerships in which you have participated either as a grantor, settlor, beneficiary, or partner since 2001, and for each such trust or family limited partnership, (b) list the federal identification number, (c) state the nature of your involvement (e.g., whether you have been a grantor, settlor, beneficiary, and/or partner, and (d) identity all persons in possession of the trust or family limited partnership's documents.

ANSWER:

Objection on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks information not related to any claim or any defense in this action, and seeks confidential information. Without waiving these objections, I have no interest in any of the entities listed on Exhibit A attached hereto other than the M&K Abel Family Ltd. Partnership.

4. (a) Identify, according to the instructions above, all persons and entities on the attached Exhibit A to whom you have loaned money, and for each such person or entity, (b) state the maximum amount of money you have lent that person or entity, and (c) the dates on which you first lent money to that person or entity.

ANSWER

Objection on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks information not related to any claim or any defense in this action, and seeks confidential information. Without waiving these objections, none.

5. (a) Identify, according to the instructions above, all persons and entities on the attached Exhibit A to whom you provided any legal services and for each such person or entity (b) state the dates on which you performed the services.

ANSWER

Objection on the grounds that this interrogatory seeks information protected from discovery by the attorney/client privilege and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Commercial Maintenance & Repairs, Inc. – 2000 – originally retained by Ms. Lisa Herro. At the time of my initial retention, Ms. Herro Owned 100% of the company.

6

6. (a) Identify, according to the instructions above, all persons and entities on the attached Exhibit A from whom you, or any entity, trust, or partnership listed by you in response to Interrogatories Nos. 2 and 3, have received any remuneration of any kind for any reason, and for each such person or entity, (b) state the total amount of remuneration received.

ANSWER

Objection on the grounds that this interrogatory seeks information protected by the attorney/client privilege and is not reasonably calculated to lead to the discovery of admissible evidence as it seeks information not related to any claim or any defense in this action. Without waiving these objections, I received approximately $8,800.00 from Commercial Maintenance & Repairs, Inc.

7. (a) Identify, according to the instructions above, all financial institutions, escrow agents, or title companies with which you or any entity, trust, or partnership listed in response to Interrogatory No. 3, above, have maintained any type of account or financial product, and for each such institution, (b) set forth the type of account or financial product, and (c) any identifying numbers associated with that account or financial product.

ANSWER:

Objection on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks information not related to any claim or any defense in this action, and seeks confidential information.

8. Set forth your social security number.

ANSWER:

Objection on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks information not related to any claim or any defense in this action, and seeks confidential information.

9. Identify, according to the instructions above, any insurance agreement which may be liable to satisfy part or all of any judgment which may be entered in this action.

ANSWER:

My professional liability insurance carrier is Navigators Insurance Company.

10.  (a)  Set forth every fact, transaction, occurrence, communication, or event upon which you base the contention in Paragraph 112 of your Answer that the "bankruptcy case of CMR was commenced without the requisite corporate authority," (b)  identify, according to the instructions above, each person known to you to have  knowledge of the facts, transactions, occurrences, communications, or events set forth in response to subparagraph (a) above, and (c)  identify, according to the instructions above, each document known to you to contain information relating or referring to subparagraphs (a) and (b) above.

ANSWER:

Objection on the grounds that this interrogatory seeks information protected by the work product privilege.  Without waiving this objection, the corporate records of Commercial Maintenance & Repairs, Inc. do not reflect that proper authority existed before the bankruptcy was filed.

8

STATE OF OHIO     )
           ) SS:    <u>VERIFICATION</u>
COUNTY OF CUYAHOGA )


   I, MIKE A. ABEL, being first duly sworn, state that I have answered the attached

Interrogatories and that they are true and complete to the best of my knowledge, information, and

belief.


            _____
            MIKE A. ABEL


   SWORN TO BEFORE ME and subscribed in my presence this _____ day of

June, 2006.


            _____
            NOTARY PUBLIC

AS TO OBJECTIONS:


_____
DAVID A. SCHAEFER

# DOCUMENTS TO BE PRODUCED

1.     All correspondence and other documents you provided to any other person or entity listed on the attached Exhibit A, as well as all employees, agents, officers or representatives of such other persons or entities, including, but not limited to, such documents as contracts, bills of sale, reports, memoranda, paychecks, and checks.

RESPONSE:

Objection on the grounds that this request seeks documents protected by the attorney/client privilege, is not reasonably calculated to lead to the discovery of admissible evidence, at least in part, as it requests documents not related to any claim or defense asserted in this action, and seeks confidential information. In addition, many of defendant's documents were turned over to the FBI in connection with its investigation of Robert Miller. Without waiving these objections, to the extent non-privileged documents exist, they will be produced at a mutually agreed upon time and place.

2.     All correspondence and other documents you received from any person or entity listed on the attached Exhibit A, as well as all employees, agents, officers or representatives of such other persons or entities, including, but not limited to, such documents as contracts, bills of sale, reports, memoranda, paychecks, and checks.

RESPONSE:

Objection on the grounds that this request seeks documents protected by the attorney/client privilege, is not reasonably calculated to lead to the discovery of admissible evidence, at least in part, as it requests documents not related to any claim or defense asserted in this action, and seeks confidential information. In addition, many of defendant's documents were turned over to the FBI in connection with its investigation of Robert Miller. Without waiving these objections, to the extent non-privileged documents exist, they will be produced at a mutually agreed upon time and place.

3.     All correspondence and other documents you provided to any entity, trust, or partnership listed in response to Interrogatory No. 2, above, or any agents, officers, trustees, or representatives of such entity, trust, or partnership, including, but not limited to, all correspondence, contracts, checks, promissory notes, and memoranda.

RESPONSE:

Objection on the grounds that this request seeks documents protected by the attorney/client privilege, is not reasonably calculated to lead to the discovery of admissible evidence, at least in part, as it requests documents not related to any claim or defense asserted in this action, and seeks confidential information. In addition, many of defendant's documents were turned over to the FBI in connection with its investigation of

10

Robert Miller. Without waiving these objections, to the extent non-privileged documents exist, they will be produced at a mutually agreed upon time and place.

4.    All correspondence and other documents you received from any entity, trust, or partnership listed in response to Interrogatory No. 2, above, or any agents, officers, trustees, or representatives of such entity, trust, or partnership, including, but not limited to, all correspondence, contracts, checks, promissory notes, and memoranda.

RESPONSE:

Objection on the grounds that this request seeks documents protected by the attorney/client privilege, is not reasonably calculated to lead to the discovery of admissible evidence, at least in part, as it requests documents not related to any claim or defense asserted in this action, and seeks confidential information. In addition, many of defendant's documents were turned over to the FBI in connection with its investigation of Robert Miller. Without waiving these objections, to the extent non-privileged documents exist, they will be produced at a mutually agreed upon time and place.

5.    Any and all files for any person or entity on the attached Exhibit A which are held by you or are under your custody or control.

RESPONSE:

Objection on the grounds that this request seeks documents protected by the attorney/client privilege, is not reasonably calculated to lead to the discovery of admissible evidence, at least in part, as it requests documents not related to any claim or defense asserted in this action, and seeks confidential information. In addition, many of defendant's documents were turned over to the FBI in connection with its investigation of Robert Miller. Without waiving these objections, to the extent non-privileged documents exist, they will be produced at a mutually agreed upon time and place.

6.    All documents relating or referring to the accounts or financial products referred to in response to Interrogatory No. 7, above, from January 1, 2003 to the present, including, but not limited to, all statements, certificates, registers, spreadsheets, logs, and cancelled checks.

RESPONSE:

Objection on the grounds that this request seeks documents not reasonably calculated to lead to the discovery of admissible evidence, as it requests documents not related to any claim or defense asserted in this action, and seeks confidential information.

11

7.    All tax returns filed by you, or any entity, trust, or partnership listed by you in response to Interrogatories No. 3, for the years 2003, 2004, and 2005.

RESPONSE:

Objection on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks information not related to any claim or defense in this action, and seeks confidential information. In addition, I have been unable to file personal tax returns due to the conduct of my former accountant, which resulted in virtually all of my tax related records being taken by the FBI.

8.    All correspondence and materials of any kind from January 1, 2004 to the present submitted to or received from Rob Miller or Thomas Bagley or any accountant, bookkeeper, or tax preparer who has worked for you since January 1, 2003.

RESPONSE:

Objection on the grounds that this Request seeks documents not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents not related to any claim or defense in this action. In addition, this Request seeks confidential information. Virtually all of my records are in the possession of the FBI, and I am not acquainted with Thomas Bagley.

9.    All documents in your possession reflecting or referring to cash disbursements made by anyone on the attached Exhibit A to you or any entity, trust, or partnership listed in response to Interrogatories Nos. 2 and 3 above, from January 1, 2003 to the present.

RESPONSE:

Objection on the grounds that this Request seeks documents protected by the attorney/client privilege and is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents not related to any claim or defense in this action. In addition, virtually all of my records are in the possession of the FBI.

10.   All corporate articles, bylaws, codes of regulation, minutes, and notes or materials presented at or generated in the meetings of the officers, directors, managers, members, partners, or shareholders of any entity listed on the attached Exhibit A.

12

RESPONSE:

Objection on the grounds that this request seeks documents protected by the attorney/client privilege, is not reasonably calculated to lead to the discovery of admissible evidence, as it requests documents not related to any claim or defense asserted in this action, and seeks confidential information. In addition, virtually all of defendant's documents were turned over to the FBI in connection with its investigation of Robert Miller. Without waiving these objections, to the extent non-privileged documents exist, they will be produced at a mutually agreeable time and place.

11. All corporate articles, bylaws, codes of regulation, minutes, and notes or materials presented at or generated in the meetings of the officers, directors, managers, members, partners, or shareholders of any entity, trust, or partnership listed in response to Interrogatory No. 3 above.

RESPONSE:

Objection on the grounds that this request seeks documents protected by the attorney/client privilege, is not reasonably calculated to lead to the discovery of admissible evidence, as it requests documents not related to any claim or defense asserted in this action, and seeks confidential information. In addition, virtually all of defendant's documents were turned over to the FBI in connection with its investigation of Robert Miller. Without waiving these objections, to the extent non-privileged documents exist, they will be produced at a mutually agreeable time and place.

12. Any statement, affidavit, recording, or transcript prepared in anticipation of, or in response to, this lawsuit from any person you intend to call as a witness in this matter.
RESPONSE:

Objection on the grounds that this request seeks documents protected by the attorney/client and work product privileges. Without waiving these objections, Defendant has no responsive documents.

13. For all expert witnesses who you expect to call at the trial of this matter:

    (a)    a professional resume and/or a curriculum vitae summarizing the witness' professional qualifications;

    (b)    all scientific and technical publications authored or co-authored by the expert;

13

(c)     all time records, diaries and bills prepared and rendered in connection with the witness' investigation and evaluation of any issues involved in the lawsuit;

(d)     a complete file of the witness in connection with his investigation, evaluation and reporting of the issues involved in the lawsuit, including, but not limited to: (1) all documents furnished to the witness by anyone; (2) all documents obtained or created by the witness, including all drafts; (3) all documents reviewed by the witness, referred to or relied upon in arriving at any of the witness' opinions or conclusions concerning the issues involved in the lawsuit and further including, but not limited to, all scientific and technical articles, publications, codes, standards and other literature; and (4) all models, illustrations, photographs or other exhibits or documents of any kind which the witness has created, seen, or from which the witness intends or contemplates use to explain, illustrate or support the witness' expected trial testimony;

(e)     all reports, calculations, correspondence, telephone slips and evidence of communication between the witness and you or investigators and/or any other expert upon whose observations, opinions, or conclusions this witness may rely, in whole or in part, to form the basis of the witness' opinions.

RESPONSE:

Objection on the grounds that this request seeks documents protected by the work product privilege and is overbroad.  Without waiving these objections, Defendant will comply with Federal Rule of Bankruptcy Procedure 9026 at the appropriate time.

14.     All documents used to answer, or referred to, or identified in your answers to the interrogatories above.

RESPONSE:

Objection on the grounds that this Request seeks documents protected by the work product privilege.  Without waiving this objection, documents produced by the Trustee were used, in part, to answer the Interrogatories.

15.     All documents and exhibits you intend to offer either in deposition or at the trial of this matter.

RESPONSE:

Objection on the grounds that this Request seeks documents protected by the work product privilege.  Without waiving this objection, trial exhibits will be exchanged with opposing counsel in accordance with this Court's Order or by agreement of counsel.

STATE OF OHIO ) 
                        ) SS:       VERIFICATION 
COUNTY OF CUYAHOGA )

       I, MIKE A. ABEL, being first duly sworn, state that I have answered the attached Interrogatories and that they are true and complete to the best of my knowledge, information, and belief.

MIKE A. ABEL

       SWORN TO BEFORE ME and subscribed in my presence this __16th__ day of June, 2006.

NOTARY PUBLIC

AS TO OBJECTIONS:

DAVID A. SCHAEFER

BRETT A. SWINEHART
Notary Public, State of Ohio
My Commission Expires May 21, 2008

9

**Vassiles Chrysanthe**

| | |
|---|---|
| **From:** | Kracht, Robert R. [rrk@mccarthylebit.com] |
| **Sent:** | Tuesday, July 11, 2006 1:47 PM |
| **To:** | Woolbert Gordon D ,II |
| **Cc:** | Schaefer, David A. |
| **Subject:** | RE: Corzin v. Harvey et al. |
| **Importance:** | High |
| **Sensitivity:** | Confidential |

**EXHIBIT**

B

Gordon:

The version of the protective order you emailed last night is not marked to show changes. For ease of review, could you please send a black-lined copy?

As to the matters addressed in your email regarding questions pertaining to our clients responses to your clients discovery requests, I have not had an opportunity to review your concerns with David Schaefer as of yet due to conflicting schedules. We will review your email and endeavor to get a response to you as soon as possible.

Thanks.

Robert R. Kracht
McCarthy, Lebit, Crystal & Liffman Co., LPA
1800 Midland Building
101 W. Prospect Avenue
Cleveland, Ohio  44115
216.696.1422
216.696.1210 fax
rrk@mccarthylebit.com

**McCarthy, Lebit, Crystal & Liffman Co., L.P.A. -
Confidential  Communication**

This transmission contains confidential information intended only for the addressee(s) and may also be privileged and/or subject to attorney work-product protection. If you are not the intended recipient, any use, dissemination, distribution, or copying of this document or its contents is strictly prohibited. If you receive this message in error, please contact the sender immediately either by return E-mail or by telephone at (216) 696-1422. Thank You.

**Circular 230 Disclosure**

8/25/2006

Pursuant to U.S. Treasury Circular 230, we are required to advise you that any federal tax advice contained in this communication is not intended to constitute a Covered Opinion and it is not intended or written to be used and cannot be used for the purpose of (1) avoiding tax-related penalties; or (2) promoting, marketing, or recommending to another party any tax-related matters addressed herein.

-----Original Message-----
**From:** Woolbert Gordon D ,II [mailto:gdw@bmsa.com]
**Sent:** Monday, July 10, 2006 5:55 PM
**To:** Kracht, Robert R.
**Subject:** RE: Corzin v. Harvey et al.
**Sensitivity:** Confidential

Bob:

Attached is a revised version of the stipulated protective order which you emailed to us on June 28th. The attached meets with our approval, but be advised that I've had recent discussions with other attorneys who might want access on the same terms that I would have access under the Order. That assumes, of course, that we are going to get access.

I note that your discovery responses do not indicate that they will be supplemented upon the parties entering into a stipulated protective order. If that is an intentional omission, then that will need to be addressed with the Court. To date you have given me almost nothing except for bogus relevancy objections. And some of those have already been effectively made and ruled upon in your prior motion for a protective order and the Court's ruling thereon. Although our need for the information and documentation sought is readily apparent from our complaint and pretrial statement, I will go through my discovery on an interrogatory-by-interrogatory basis to make explicit some of the most obvious ways this information is relevant.

Interrogatory No. 2 is relevant because to the extent your client indirectly dealt with the debtors and other defendants (and especially received funds from them), he is potentially liable for those funds. We need to know the entities he participates in (and to know his interests in those) to know of the indirect dealings he may have had.
This is relevant to the claims for fraudulent conveyance, conversion, unjust enrichment, and civil conspiracy, all of which include your client.

Interrogatory No. 3 is relevant for the same reasons that No. 2 is relevant.

Interrogatory No. 4 is relevant to show your client's involvement in the debtors and with the other defendants (see e.g., our claims for piercing), and "none" doesn't seem to jive with the facts. These facts include Ms. Fair's testimony about the $10,000 payment to Mr. Mentzer's firm for the filing of the RMS bankruptcy and the checks your client made to Ms. Fair.

Interrogatory No. 5 is relevant to show which entities your client provided advice to and the nature of that advice. Your client's advice to Harvey to convey assets from certain entities to other entities (for no value whatsoever) is very relevant to both the Trustee's claims for fraudulent conveyance and the legal doctrines under which your client ought to be held liable for those conveyances. And the privilege objection should not impede your production of that information. First, both Schrader and I waive the privilege for CMR and RMS. Second, the interrogatory doesn't ask for the communication (although the crime-fraud exception should allow us to get that later). The interrogatory merely asks for persons and dates.

Interrogatory No. 6 is relevant for the same reasons as Nos. 2, 3, 4, and 5, and the question was for "remuneration of any kind." $8,800.00 is the amount of one check from CMR's incomplete set of checks, but "remuneration" can include more than that. It can also include the assignment of funds to Abel by

CMR customers like Enterprise Car Rental for CMR/RMS' work. We want to know how much your client received from all the persons in Exhibit A. It's clearly relevant to our claims for fraudulent conveyance.

Interrogatory No. 7 is relevant so that we can see whether any money in those accounts is money that should be in the estates. It's that simple. We know Abel received checks and cash from CMR/RMS and checks from CMR/RMS customers. We want to know how many payments and distributions he received and the amount of those payments and distributions. This is highly relevant to the fraudulent conveyance, conversion, and unjust enrichment claims, as well as the doctrines under which Abel should be held liable for under those claims. In addition, the Court has already effectively said that this information is relevant in her ruling on your motion for a protective order.

Interrogatory No. 8 is relevant to so that we can get information for ourselves, including, but not limited to, the information sought by Interrogatory No. 8. Moreover it should be taken care of by a stipulated protective order.

Interrogatory No. 9 is, refreshingly, not objected to on relevancy grounds. However, it's unclear as to whether the answer is complete. Is your client's professional liability insurance policy the only policy potentially liable if a judgment is obtained against him? It seems he was acting as far more than an attorney in much of his dealings with Harvey.

As for my request for production of documents, I'd like to see what you are giving me before I elaborate on your objections. Moreover, it looks like some of what I need is in the possession of the FBI. If you could provide me with more specific information on that (e.g., identities and numbers of investigating agents), we might be able to obtain that information from them directly.

Please let me know if and how you intend to supplement your responses to date. Please also call me to set a time when I can review documents.

Thanks.


Gordon D. Woolbert, II
Black McCuskey, LPA
330-456-8341

## Vassiles Chrysanthe

| | |
|---|---|
| **From:** | Kracht, Robert R. [rrk@mccarthylebit.com] |
| **Sent:** | Friday, August 11, 2006 1:53 PM |
| **To:** | Woolbert Gordon D ,II |
| **Subject:** | RE: Corzin v. Harvey et al. |
| **Importance:** | High |

**EXHIBIT**

C

We will respond next week.  I have been out of town on vacation or busoiness and as a result david and i have not ad the opportunity to address these open issues.

I'll be in touch hpoefully by mid week.  I am out town and typing this on my cell.

-----Original Message-----
From: "Woolbert Gordon D ,II" <gdw@bmsa.com>
To: "Kracht, Robert R." <rrk@mccarthylebit.com>
Sent: 8/11/2006 1:12 PM
Subject: RE: Corzin v. Harvey et al.

Bob:


I haven't really received any response from you or David Schaefer on a supplementation of your discovery responses.  If I don't hear from soon, I'll have to assume that you have no intention of supplementing and that we have reached an impasse on all of the discovery issues occasioned by my discovery requests to you.


In either case, I would like to at least see the documents which your responses indicated would be made available for inspection.  I would like to do so early next week if at all possible.  Please let me know when I can do that.


Thanks.


Gordy Woolbert


Gordon D. Woolbert, II

Black McCuskey, LPA

330-456-8341


————

From: Woolbert Gordon D ,II


8/25/2006

Sent: Monday, July 10, 2006 5:55 PM
To: 'Kracht, Robert R.'
Subject: RE: Corzin v. Harvey et al.
Sensitivity: Confidential

Bob:

Attached is a revised version of the stipulated protective order which
you emailed to us on June 28th. The attached meets with our approval,
but be advised that I've had recent discussions with other attorneys who
might want access on the same terms that I would have access under the
Order. That assumes, of course, that we are going to get access.

I note that your discovery responses do not indicate that they will be
supplemented upon the parties entering into a stipulated protective
order. If that is an intentional omission, then that will need to be
addressed with the Court. To date you have given me almost nothing
except for bogus relevancy objections. And some of those have already
been effectively made and ruled upon in your prior motion for a
protective order and the Court's ruling thereon. Although our need for
the information and documentation sought is readily apparent from our
complaint and pretrial statement, I will go through my discovery on an
interrogatory-by-interrogatory basis to make explicit some of the most
obvious ways this information is relevant.

Interrogatory No. 2 is relevant because to the extent your client
indirectly dealt with the debtors and other defendants (and especially
received funds from them), he is potentially liable for those funds. We
need to know the entities he participates in (and to know his interests
in those) to know of the indirect dealings he may have had.

This is relevant to the claims for fraudulent conveyance, conversion,
unjust enrichment, and civil conspiracy, all of which include your
client.

Interrogatory No. 3 is relevant for the same reasons that No. 2 is
relevant.

Interrogatory No. 4 is relevant to show your client's involvement in the
debtors and with the other defendants (see e.g., our claims for
piercing), and "none" doesn't seem to jive with the facts. These facts
include Ms. Fair's testimony about the $10,000 payment to Mr. Mentzer's
firm for the filing of the RMS bankruptcy and the checks your client
made to Ms. Fair.

Interrogatory No. 5 is relevant to show which entities your client
provided advice to and the nature of that advice. Your client's advice

8/25/2006

to Harvey to convey assets from certain entities to other entities (for no value whatsoever) is very relevant to both the Trustee's claims for fraudulent conveyance and the legal doctrines under which your client ought to be held liable for those conveyances. And the privilege objection should not impede your production of that information. First, both Schrader and I waive the privilege for CMR and RMS. Second, the interrogatory doesn't ask for the communication (although the crime-fraud exception should allow us to get that later). The interrogatory merely asks for persons and dates.

Interrogatory No. 6 is relevant for the same reasons as Nos. 2, 3, 4, and 5, and the question was for "remuneration of any kind." $8,800.00 is the amount of one check from CMR's incomplete set of checks, but "remuneration" can include more than that. It can also include the assignment of funds to Abel by CMR customers like Enterprise Car Rental for CMR/RMS' work. We want to know how much your client received from all the persons in Exhibit A. It's clearly relevant to our claims for fraudulent conveyance.

Interrogatory No. 7 is relevant so that we can see whether any money in those accounts is money that should be in the estates. It's that simple. We know Abel received checks and cash from CMR/RMS and checks from CMR/RMS customers. We want to know how many payments and distributions he received and the amount of those payments and distributions. This is highly relevant to the fraudulent conveyance, conversion, and unjust enrichment claims, as well as the doctrines under which Abel should be held liable for under those claims. In addition, the Court has already effectively said that this information is relevant in her ruling on your motion for a protective order.

Interrogatory No. 8 is relevant to so that we can get information for ourselves, including, but not limited to, the information sought by Interrogatory No. 8. Moreover it should be taken care of by a stipulated protective order.

Interrogatory No. 9 is, refreshingly, not objected to on relevancy grounds. However, it's unclear as to whether the answer is complete. Is your client's professional liability insurance policy the only policy potentially liable if a judgment is obtained against him? It seems he was acting as far more than an attorney in much of his dealings with Harvey.

As for my request for production of documents, I'd like to see what you are giving me before I elaborate on your objections. Moreover, it looks like some of what I need is in the possession of the FBI. If you could provide me with more specific information on that (e.g., identities and numbers of investigating agents), we might be able to obtain that information from them directly.

Please let me know if and how you intend to supplement your responses to date.  Please also call me to set a time when I can review documents.

Thanks.

Gordon D. Woolbert, II

Black McCuskey, LPA

330-456-8341

## Vassiles Chrysanthe

| | |
|---|---|
| **From:** | Woolbert Gordon D ,II |
| **Sent:** | Wednesday, August 23, 2006 1:38 PM |
| **To:** | 'Kracht, Robert R.' |
| **Subject:** | RE: Corzin v. Harvey |

**EXHIBIT**
D

Bob:

I have received your email and will refrain from filing a motion today.  However, I am going to need your responses "by Friday" so that we can determine the appropriateness of filing a motion on Friday. I really want the documents, if at all possible, tomorrow.   I believe the Judge needs to be made aware of our discovery issues in order for her to understand the Trustee's proposed discovery plan, due next week.  I cannot allow my discovery vis-à-vis the primary parties in this case (i.e. your client and Harvey) to be further delayed.  I trust that you understand my time constraints.  Thanks.

Gordy Woolbert

**From:** Kracht, Robert R. [mailto:rrk@mccarthylebit.com]
**Sent:** Monday, August 21, 2006 5:27 PM
**To:** Woolbert Gordon D ,II
**Cc:** Schaefer, David A.
**Subject:** RE: Corzin v. Harvey

Gordon:

I was unexpectedly caught up in a hearing for the appointment of a receiver in a complex commercial matter in Columbus Thursday and Friday of last week and was not able to retrieve your email and review the changes you made to the Stipulated Protective Order until today.  We will need to confer with our client regarding the changes you have suggested.  In addition, we are reviewing our initial responses to your clients discovery requests and your objections.  While you indicated that you would be filing a motion to compel by Wednesday of this week, we ask that you hold off as we will have a response to you by Friday of this week.


Robert R. Kracht
McCarthy, Lebit, Crystal & Liffman Co., LPA
101 W. Prospect Avenue, Suite 1800
Cleveland, Ohio  44115
216.696.1422
216.696.1210 fax
rrk@mccarthylebit.com


### McCarthy, Lebit, Crystal & Liffman Co., L.P.A. - Confidential Communication


This transmission contains confidential information intended only for the addressee(s) and may also be

8/25/2006

privileged and/or subject to attorney work-product protection. If you are not the intended recipient, any use, dissemination, distribution, or copying of this document or its contents is strictly prohibited. If you receive this message in error, please contact the sender immediately either by return E-mail or by telephone at (216) 696-1422. Thank You.

**Circular 230 Disclosure**

Pursuant to U.S. Treasury Circular 230, we are required to advise you that any federal tax advice contained in this communication is not intended to constitute a Covered Opinion and it is not intended or written to be used and cannot be used for the purpose of (1) avoiding tax-related penalties; or (2) promoting, marketing, or recommending to another party any tax-related matters addressed herein.

-----Original Message-----
**From:** Woolbert Gordon D ,II [mailto:gdw@bmsa.com]
**Sent:** Friday, August 18, 2006 5:11 PM
**To:** Kracht, Robert R.
**Subject:** Corzin v. Harvey

Bob:

Attached is slightly revised version of the proposed stipulated protective order to which we stipulate. You could submit it if you like. Also attached is a redlined version showing the changes from the earlier version.

I still haven't gotten any formal supplement or any responsive documents. I plan on filing a motion to compel on Wednesday. If you have supplements or documents which would narrow the number of disputed requests, please get those to me before then.

Thanks.

Gordy

Gordon D. Woolbert, II
Black McCuskey, LPA
330-456-8341

8/25/2006